IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| CARL GARRETT, | |
| Plaintiff, | CIVIL ACTION NO.: 6:24-cv-39 |
| v. | |
| SERGEANT WILSON, et al., | |
| Defendants. | |

**O R D E R**

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983.[1] Doc. 1. This Court has conducted its frivolity screening under 28 U.S.C. § 1915A and has concluded the following portions of Plaintiff's Complaint survive frivolity review: Plaintiff's Eighth Amendment excessive force and deliberate indifference claims against Defendants Sergeant Wilson, Officer Arthur, Unit Manager Edwards, Unit Manager Glover, and Deputy Warden Warren. Therefore, a copy of Plaintiff's Complaint, doc. 1, a copy of this Order, and a copy of the undersigned's Report recommending dismissing some of Plaintiff's claims (which is being issued contemporaneously with this Order) shall be served upon Defendants Wilson, Arthur, Edwards,

---

[1] Rodrekus Watson is listed as a plaintiff in the caption of this Complaint and has requested relief. Doc. 1. However, Rodrekus Watson did not sign the Complaint under penalty of perjury, nor has he submitted any other item for filing or been added to the docket as a plaintiff. To the extent Plaintiff Garrett has attempted to file this Complaint with another individual as a single cause of action, he cannot do so. The Prison Litigation Reform Act of 1996 ("PLRA") provides a prisoner bringing a civil action *in forma pauperis* must pay the full filing fee. See 28 U.S.C. § 1915(b). The Eleventh Circuit Court of Appeals has determined the language of the PLRA requires each prisoner to pay the full amount of the filing fee or face dismissal of his case. Hubbard v. Haley, 262 F.3d 1194, 1197–98 (11th Cir. 2001). Thus, Plaintiff cannot seek relief on behalf of fellow inmates. Gandy v. Bryson, 799 F. App'x 790, 792 (11th Cir. 2020). I **DIRECT** the Clerk of Court to provide one blank copy of the Court-approved § 1983 complaint form for use by prisoner-plaintiffs and the standard *in forma pauperis* application to Rodrekus Watson at the address he provided, should he wish to pursue his own, separate cause of action.

Glover, and Warren by the United States Marshal without prepayment of cost. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report upon Plaintiff. The Court also provides the following instructions to the parties that will apply to the remainder of this action.

## INSTRUCTIONS TO ALL DEFENDANTS IN THIS ACTION

Because Plaintiff is proceeding *in forma pauperis*, the undersigned directs service be effected by the United States Marshal. Fed. R. Civ. P. 4(c)(3). In most cases, the marshal will first mail a copy of the complaint to a defendant by first-class mail and request the defendant waive formal service of summons. Fed. R. Civ. P. 4(d); Local R. 4.5. A defendant has a duty to avoid unnecessary costs of serving the summons, and any defendant who fails to comply with the request for waiver must bear the costs of personal service unless good cause can be shown for the failure to return the waiver. Fed. R. Civ. P. 4(d). Generally, a defendant who timely returns the waiver is not required to answer the complaint until 60 days after the date the marshal sent the request for waiver. Fed. R. Civ. P. 4(d)(3).

**IT IS FURTHER ORDERED** that any Defendant in this action is granted leave of court to take the deposition of Plaintiff upon oral examination. Fed. R. Civ. P. 30(a)(2). Defendants are further advised the Court's standard 140-day discovery period will commence upon the filing of the last answer. Local R. 26.1. Defendants shall ensure all discovery, including Plaintiff's deposition and any other depositions in the case, is completed <u>within that discovery period</u>.

If a Defendant takes the deposition of any other person, Defendants are ordered to comply with the requirements of Federal Rule of Civil Procedure 30. As Plaintiff will not likely attend such a deposition, the Defendant taking the deposition must notify Plaintiff of the deposition and advise him he may serve on that Defendant written questions Plaintiff wishes to propound to the witness, if any. Defendants shall present such questions to the witness in order

and word-for-word during the deposition. Fed. R. Civ. P. 30(c). Plaintiff must submit the questions in a sealed envelope within 10 days of the notice of deposition.

### INSTRUCTIONS TO PLAINTIFF

Plaintiff is charged with the responsibility of **immediately** informing this Court and defense counsel of any change of address during the pendency of this action. Local R. 11.1. Plaintiff's failure to notify the Court of a change in his address **may result in dismissal of this case**.

**IT IS FURTHER ORDERED** that Plaintiff shall serve a copy of every pleading or other document submitted for consideration by the Court on each Defendant (or, if appearance has been entered by counsel, the Defendant's attorney). Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date on which a true and correct copy of any document was mailed to each Defendant or the Defendant's counsel. Fed. R. Civ. P. 5. "Every pleading shall contain a caption setting forth the name of the court, the title of the action, [and] the file number." Fed. R. Civ. P. 10(a).

Plaintiff has the responsibility for pursuing this case. For example, if Plaintiff wishes to obtain facts and information about the case from a Defendant, Plaintiff must initiate discovery. See generally Fed. R. Civ. P. 26 to Fed. R. Civ. P. 37. The discovery period in this case will expire 140 days after the filing of the last answer. Local R. 26.1. Plaintiff does not need the permission of the Court to begin discovery, and Plaintiff should begin discovery promptly and complete it within this time period. Id. Discovery materials should **not** be filed routinely with the Clerk of Court; exceptions include: when the Court directs filing; when a party needs such materials in connection with a motion or response, and then only to the extent necessary; and when needed for use at trial. Local R. 26.4.

Interrogatories are a practical method of discovery for incarcerated persons. See Fed. R. Civ. P. 33. Interrogatories may be served only on a **party** to the litigation, and, for the purposes of the instant case, this means that interrogatories should not be directed to persons or organizations who are **not named** as a defendant. Interrogatories are not to contain more than 25 questions. Fed. R. Civ. P. 33(a). If Plaintiff wishes to propound more than 25 interrogatories to a party, Plaintiff must have permission of the Court. If Plaintiff wishes to file a motion to compel, pursuant to Federal Rule of Civil Procedure 37, he should first contact the attorney for Defendants and try to work out the problem; if Plaintiff proceeds with the motion to compel, he should also file a statement certifying that he has contacted opposing counsel in a good faith effort to resolve any dispute about discovery. Fed. R. Civ. P. 26(c), 37(a)(2)(A); Local R. 26.5.

Plaintiff has the responsibility for maintaining his own records of the case. If Plaintiff loses papers and needs new copies, he may obtain them from the Clerk of Court at the standard cost of fifty cents ($.50) per page. **If Plaintiff seeks copies, he should request them directly from the Clerk of Court and is advised the Court will authorize and require the collection of fees from his prison trust fund account to pay the cost of the copies at the aforementioned rate of fifty cents ($.50) per page.**

If Plaintiff does not press his case forward, the court may dismiss it for failure to prosecute. Fed. R. Civ. P. 41; Local R. 41.1.

It is Plaintiff's duty to cooperate in any discovery initiated by a Defendant. Upon no less than five days' notice of the scheduled deposition date, Plaintiff must appear and permit his deposition to be taken and must answer, under oath or solemn affirmation, any question which seeks information relevant to the subject matter of the pending action.

As the case progresses, Plaintiff may receive a notice addressed to "counsel of record" directing the parties to prepare and submit a Joint Status Report and a Proposed Pretrial Order. A plaintiff proceeding without counsel may prepare and file a unilateral Status Report but is not required to prepare and file his own version of the Proposed Pretrial Order. A plaintiff who is incarcerated shall not be required or entitled to attend any status or pretrial conference which may be scheduled by the Court.

### ADDITIONAL INSTRUCTIONS TO PLAINTIFF REGARDING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT

A Defendant may choose to ask the Court to dismiss this action by filing a motion to dismiss, a motion for summary judgment, or both. Under this Court's Local Rules, a party opposing a motion to dismiss shall file and serve his response to the motion within 14 days of its service. Failure to respond shall indicate that there is no opposition to a motion. Local R. 7.5. Therefore, if Plaintiff fails to respond to a motion to dismiss, the Court will assume that he does not oppose the Defendant's motion. Plaintiff's case may be dismissed for lack of prosecution if Plaintiff fails to respond to a motion to dismiss.

Plaintiff's response to a motion for summary judgment must be filed within 21 days after service of the motion. Local R. 7.5, 56.1. The failure to respond to such a motion shall indicate that there is no opposition to the motion. Furthermore, each material fact set forth in a Defendant's statement of material facts will be deemed admitted unless specifically controverted by an opposition statement. If a Defendant files a motion for summary judgment, Plaintiff will have the burden of establishing the existence of a genuine dispute as to any material fact in this case. That burden cannot be met by reliance on the conclusory allegations contained within the complaint. If a Defendant's motion for summary judgment is supported by affidavit, Plaintiff must file counter-affidavits if he wants to contest Defendant's statement of the facts. If Plaintiff

fails to file opposing affidavits setting forth specific facts showing that there is a genuine dispute for trial, any factual assertions made in the Defendant's affidavits will be accepted as true and summary judgment may be entered against Plaintiff pursuant to Federal Rule of Civil Procedure 56.

**SO ORDERED**, this 21st day of May, 2025.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA